USDC SCAN INDEX SHEET















 

TKL   2/2/06   13:33

3:06-CV-00247   MOLNAR V. PATENAUDE & FELIX

*1*

*CMP.*

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
110 West C Street, Suite 2018
San Diego, CA 92101
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

Attorneys for Plaintiff
Alfred Molnar

FILED

2006 FEB - 1  PM 3: 32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALFRED MOLNAR,** | Case No.: '06 CV 0247 JM   JMA |
| PLAINTIFF, | |
| v. | **VERIFIED COMPLAINT FOR DAMAGES** |
| **PATENAUDE & FELIX, A.P.C.,** | **JURY TRIAL DEMANDED** |
| DEFENDANT. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

---

[1] 15 U.S.C. §§ 1692(a)-(e)

2.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3.   ALFRED MOLNAR, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PATENAUDE & FELIX, A.P.C., (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.   For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

### JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6.   This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and Cal. Civ. Code § 3345.

7.   Because Defendant does business within the State of California, personal jurisdiction is established.

---

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

1  8.  Venue is proper pursuant to 28 U.S.C. § 1391.

2  PARTIES

3  9.  Plaintiff is a natural person who resides in the City of San Diego, County of

4     San Diego, State of California and is obligated or allegedly obligated to pay a

5     debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6  10. Plaintiff is a natural person from whom a debt collector sought to collect a

7     consumer debt which was due and owing or alleged to be due and owing from

8     Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

9     1788.2(h).

10 11. Plaintiff is a "senior citizen" as that term is defined by Cal. Civ. Code §

11    1761(f).

12 12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a

13    company operating from the City of San Diego, County of San Diego, State of

14    California.

15 13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a

16    person who uses an instrumentality of interstate commerce or the mails in a

17    business the principal purpose of which is the collection of debts, or who

18    regularly collects or attempts to collect, directly or indirectly, debts owed or

19    due or asserted to be owed or due another and is therefore a "debt collector" as

20    that term is defined by 15 U.S.C. § 1692a(6).

21 14. Plaintiff is informed and believes, and thereon alleges, that Defendant is not

22    an attorney or counselor at law and is a person who, in the ordinary course of

23    business, regularly, on behalf of himself or herself or others, engages in debt

24    collection as that term is defined by California Civil Code § 1788.2(b), and is

25    therefore a "debt collector" as that term is defined by California Civil Code §

26    1788.2(c).

27 15. This case involves money, property or their equivalent, due or owing or

28    alleged to be due or owing from a natural person by reason of a consumer

VERIFIED COMPLAINT FOR DAMAGES     PAGE 3 OF 12

1    credit transaction.  As such, this action arises out of a "consumer debt" and

2    "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

3                                **FACTUAL ALLEGATIONS**

4    16.  At all times relevant, Plaintiff was an individual residing within the State of

5          California.

6    17.  Plaintiff is informed and believes, and thereon alleges, that at all times

7          relevant Defendant conducted business in the State of California.

8    18.  Sometime before September 6, 2005, Plaintiff allegedly incurred financial

9          obligations to Toyota Motor Credit Corporation that were money, property, or

10        their equivalent, which is due or owing, or alleged to be due or owing, from a

11        natural person to another person and were therefore "debt(s)" as that term is

12        defined by California Civil Code §1788.2(d), and a "consumer debt" as that

13        term is defined by California Civil Code §1788.2(f).

14   19.  These financial obligations were primarily for personal, family or household

15        purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.

16        §1692a(5).

17   20.  Sometime thereafter, but before September 6, 2005, Plaintiff fell behind in the

18        payments allegedly owed on the alleged debt.

19   21.  Plaintiff is informed and believes, and thereon alleges, that subsequently, but

20        before September 6, 2005, the alleged debt was assigned, placed, or otherwise

21        transferred, to Defendant for collection.

22   22.  On or about September 6, 2005, Defendant contacted Plaintiff by telephone

23        and demanded payment of the alleged debt.

24   23.  This telephone call to Plaintiff, by Defendant, was a "communication" as that

25        term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

26        defined by Cal. Civ. Code 1788.2(b), and an "initial communication"

27        consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

28        //

---

24. Defendant failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide written notification of a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

25. Defendant, a third party, and a debt collector as defined pursuant to Cal. Civ. Code § 1788.2(c), failed, in the manner prescribed by Cal. Civ. Code § 1812.700(b) or Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the RFDCPA, Cal. Civ. Code 1788 et seq.

26. In this communication, Defendant stated that if Plaintiff failed to pay the alleged debt, Plaintiff would place a "lien" on Plaintiff's property. In response, Plaintiff stated that Plaintiff was retired, was on a fixed income, and could not afford the debt. This statement by Plaintiff made Defendant aware, or should have made Defendant aware, that Plaintiff was a senior citizen.

//

//

//

27. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

28. This statement by Defendant constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(4), 1692e(10), Cal. Civ. Code §§ 1788.10(e), and 1788.13(i). Because Defendant violated 15 U.S.C. §§ 1692e, 1692e(4), and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

29. During this same conversation, Defendant stated that if Plaintiff failed to pay the alleged debt "within 5 business days," Defendant would sue Plaintiff for $5,995.54.

30. This communication overshadowed, weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g(a)(3), and subsequently, Cal. Civ. Code 1788.17, because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

31. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

32. This communication constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), Cal. Civ. Code §§ 1788.10(e), 1788.13(i), and 1788.13(j). Because Defendant violated 15 U.S.C. §§ 1692e, 1692e(4), and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

33. During this conversation, Defendant failed to disclose that Defendant was attempting to collect a debt and that all information obtained will be used for that purpose. As such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(11). Because Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(11), Defendant also violated Cal. Civ. Code § 1788.17.

34. Before ending the conversation, Plaintiff told Defendant to cease contacting Plaintiff by telephone.

35. On or about the next week, Defendant telephoned Plaintiff on Plaintiff's cellular telephone approximately every day.

36. These telephone calls were without the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and Defendant knew of should have known that placing this telephone calls were inconvenient for Plaintiff. As such, Defendant violated 15 U.S.C. §§ 1692c and 1692c(a)(1). Because Defendant violated 1692c and 1692c(a)(1), Defendant also violated Cal. Civ. Code § 1788.17.

37. The natural consequence of placing these telephone calls to Plaintiff was to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. 1692 §§ 1692d, 1692d(5), Cal. Civ. Code § 1788.11(c), and 1788.11(d). Because Defendant violated 15 U.S.C. 1692 §§ 1692d, and 1692d(5), Defendant also violated Cal. Civ. Code §1788.17.

38. These telephone calls to Plaintiff represented an unfair or unconscionable means used to collect or attempt to collect the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692f. Because Defendant violated 15 U.S.C. §§ 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

39. During most of these telephone calls, Defendant left messages on Plaintiff's cellular phone.

//

40. These communications merely stated a telephone number that was subsequently determined to be that of Defendant's business, and a demand that Plaintiff call that number.

41. Without exception, these communications did not provide Defendant's company name or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. As such, the communications violate 15 U.S.C. §§ 1692d(6), 1692e(11), and Cal. Civ. Code § 1788.11(b). Because this action violated 15 U.S.C. §§ 1692d(6) and 1692e(11), it also violates Cal. Civ. Code § 1788.17

42. During at least one of these telephone messages, Defendant stated that both Plaintiff and Plaintiff's wife were "liars."

43. This statement had the natural consequence of harassing, oppressing, or abusing Plaintiff in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692d, 1692d(2), 1692d(5), Cal. Civ. Code §§ 1788.11(c), and 1788.11(d). Because Defendant violated 15 U.S.C. §§ 1692d, 1692d(2), and 1692d(5), Defendant also violated Cal. Civ. Code § 1788.17.

44. On or about the next two weeks, while Plaintiff was on vacation, Defendant telephone Plaintiff's cellular telephone approximately two times per day. Most of these communications were in the form of a voice message.

45. These communications merely stated a telephone number that was subsequently determined to be that of Defendant's business, and a demand that Plaintiff call that number.

46. Without exception, these communications did not provide Defendant's company name or that Defendant was a debt collector, thereby lacking meaningful disclosure of the caller's identity. As such, the communications violate 15 U.S.C. §§ 1692d(6), 1692e(11), and Cal. Civ. Code § 1788.11(b).

//

1   Because this action violated 15 U.S.C. §§ 1692d(6) and 1692e(11), it also

2   violates Cal. Civ. Code § 1788.17

3   47.  These telephone calls were without the prior consent of Plaintiff or the express

4   permission of a court of competent jurisdiction, and Defendant knew of

5   should have known that placing this telephone calls were inconvenient for

6   Plaintiff.  As such, Defendant violated 15 U.S.C. §§ 1692c and 1692c(a)(1).

7   Because Defendant violated 1692c and 1692c(a)(1), Defendant also violated

8   Cal. Civ. Code § 1788.17.

9   48.  The natural consequence of placing these telephone calls to Plaintiff was to

10   harass, oppress, or abuse Plaintiff in connection with the collection of the

11   alleged debt.  As such, Defendant violated 15 U.S.C. 1692 §§ 1692d,

12   1692d(5), Cal. Civ. Code § 1788.11(c), and 1788.11(d).  Because Defendant

13   violated 15 U.S.C. 1692 §§ 1692d, and 1692d(5), Defendant also violated Cal.

14   Civ. Code §1788.17.

15   49.  These telephone calls to Plaintiff represented an unfair or unconscionable

16   means used to collect or attempt to collect the alleged debt.  As such,

17   Defendant violated 15 U.S.C. §§ 1692f.  Because Defendant violated 15

18   U.S.C. §§ 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

19   50.  Defendant knew or should have known that Defendant's conduct was directed

20   to Plaintiff, a senior citizen.

21   51.  When taken in their entirety, Defendant's actions represent unfair acts or

22   unfair practices waged against Plaintiff, a senior citizen.  As such,

23   Defendant's action violated Cal. Civ. Code § 3345.

24   //

25   //

26   //

27   //

28   //

1    **CAUSES OF ACTION CLAIMED BY PLAINTIFF**

2    **COUNT I**

3    **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

4    **15 U.S.C. § 1692 ET SEQ.**

5    52. Plaintiff incorporates by reference all of the above paragraphs of this

6    Complaint as though fully stated herein.

7    53. The foregoing acts and omissions constitute numerous and multiple violations

8    of the FDCPA, including but not limited to each and every one of the above-

9    cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

10   54. As a result of each and every violation of the FDCPA, Plaintiff is entitled to

11   any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

12   an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

13   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

14   each Defendant.

15   **COUNT II**

16   **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

17   **Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

18   55. Plaintiff incorporates by reference all of the above paragraphs of this

19   Complaint as though fully stated herein.

20   56. The foregoing acts and omissions constitute numerous and multiple violations

21   of the RFDCPA.

22   57. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to

23   any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

24   damages for a knowing or willful violation in the amount up to $1,000.00

25   pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and

26   costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

27   //

28   //

## COUNT III

### VIOLATIONS OF CAL. CIV. CODE § 3345

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute a violation of Cal. Civ. Code § 3345.

60. As a result of each and every violation of Cal. Civ. Code 3345, Plaintiff is entitled to damages in an amount up to three times greater than what 15 U.S.C. § 1692 et seq. and Cal. Civ. Code § 1788 et seq. authorize.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### Cal. Civ. Code § 3345.

- an award of three times the actual damages provided in 15 U.S.C. § 1692k(a)(1), from Defendant;

1     •  an award of three times the actual damages provided in Cal. Civ. Code

2        1788.30(a), in an amount to be adduced at trial, from Defendant;

3     •  an award of three times the statutory damages provided in 15 U.S.C. §

4        1692k(a)(2) in an amount of $3,000.00 from Defendant;

5     •  an award of three times the statutory damages provided in Cal. Civ.

6        Code § 1788.30(b), in an amount of $3,000.00 from Defendant;

7                     **TRIAL BY JURY**

8 61. Pursuant to the seventh amendment to the Constitution of the United States of

9     America, Plaintiff is entitled to, and demands, a trial by jury.

10

11 Dated: 2/1/06                    Respectfully submitted,

                                     **HYDE & SWIGART**

12

13

                                    By:

14                                 Robert L. Hyde, Esq.

15                                 Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**VERIFIED COMPLAINT FOR DAMAGES**     **PAGE 12 OF 12**

## *Affidavit and Verification of Complaint by Alfred Molnar*

### *Regarding: Molnar v. Patenaude & Felix*

I, Alfred Molnar, upon my oath, declare and say as follows:

(1) I am the Plaintiff in this civil proceeding.

(2) I have read the Civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

(3) I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law.

(4) I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

(5) I have filed this Civil Complaint in good faith and solely for the purposes set forth.

I, Alfred Molnar, declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

_____
Alfred Molnar

_____
12/22/05
Date Signed

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

**I (a) PLAINTIFFS**

Alfred Molnar

**DEFENDANTS**

Patenaude & Felix, A.P.C.

2006 FEB - 1  PM 3: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

BY ____ DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Robert L. Hyde (SBN: 227183)
110 West C Street, Ste. 2018
San Diego, CA 92101
(619) 233-7770
(619) 330-4657 fax

**ATTORNEYS (IF KNOWN)**

Unknown

**'06 CV 0247 JM   JMA**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Fair Debt Collection Practices Act, 15 U.S.C. §1692, seq, and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788 et seq, and Cal. Civ. Code Sec. 17200 et seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DHWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ 2000+atty fees

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See instructions):**   JUDGE _____   Docket Number _____

DATE 01/03/06 _____   SIGNATURE OF ATTORNEY OF RECORD _____

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

P A ID $250°  2/1/06

BH RCPT # 121023

**ORIGINAL**